## Chesapeake & Ohio Railway Company v. Hanson, By, etc.

(Decided May 4, 1926.)

### Appeal from Boyd Circuit Court.

Damages—In Action for Personal Injuries, Testimony of Family Physician that he had Not Treated Plaintiff Before the Accident, but that Since he had Treated Her for Painful Menstruation, though he Could Not Say this was Result of Accident, Held Admissible.—In action for damages for personal injuries, testimony of family physician that he had not treated plaintiff before the accident, but that since he had treated her for painful menstruation, though he could not say this was the result of the accident, held admissible, in view of the fact it was not made the basis of re-

covery for permanent injuries but was merely part of history of case.

BROWNING & REED FOR appellant.

JOHN T. DIEDERICH for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is a companion case to that of C. & O. Railroad Company v. Gladys Pancake, this day decided, 214 Ky. 308. The two cases were tried at the same time and the same evidence introduced in each, and a reference is made to the former case for the facts. The instructions were similar except that Miss Schilling, now Mrs. Hanson, was not driving the car and the instruction as to contributory negligence was made to conform to her status.

She also recovered judgment for the sum of $750.00, and on this appeal the railroad company raises the same questions as it did in the Pancake case, and in addition insists that the court erred in admitting incompetent evidence. Both Mrs. Schilling and Beulah testified that Beaulah's health was perfect before the accident, but that she had been extremely nervous and under the care of a physician since that date. Dr. Sparks testified that he was the Schilling family physician; that he had not treated Beulah prior to March 10, 1924, the date of the accident, but that since that date he has treated her for nervousness and painful menstruation, though he is unable to say whether or not this is the result of the accident.

A motion was made to exclude the evidence as to painful menstruation and overruled, and this is assigned as error. It is argued that there is nothing to show that this ailment is the result of the injury and the jury should not be permitted to speculate as to its cause. It will be observed that this is not made the basis of a recovery for permanent injuries, but it is the statement of a physical fact regarding plaintiff's condition before and after the injury. It is a part of the history of the case and we think admissible, even though the physician is uncertain as to its cause.

Wherefore, perceiving no error, the judgment is affirmed on the authority of the Pancake case.